KATHLEEN E. MAHER
PUBLIC DEFENDER
PUBLIC DEFENDER SERVICE CORPORATION
200 JUDICIAL ANNEX CENTER
110 WEST O"BRIEN DRIVE
HAGATNA, GUAM 96910
TELEPHONE: (671) 475-3100
TELECOPIER: (671) 477-5844

Counsel for Defendant
ERICA REYES BORJA

FILED
DISTRICT COURT OF GUAM
JUL 11 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR05-00049 |
| Plaintiff, | NOTICE OF MOTION; MOTION FOR BRADY DISCOVERY; MEMORANDUM IN SUPPORT; CERTIFICATE OF SERVICE |
| vs. | |
| ERICA REYES BORJA, | |
| Defendant. | |

## NOTICE

PLEASE TAKE NOTICE that on August 3, 2005 10:00 a.m./p.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendant **ERICA REYES BORJA** will move the Court for the relief noted below.

kemA:\Discovery motion Erica Reyes Borja.wpd

1

## MOTION

COMES NOW, Defendant, **ERICA REYES BORJA**, through counsel, Public Defender Service Corporation and moves this Court for an order mandating that the United States provide all statutory and exculpatory discovery to the defense. This motion is based on the attached Memorandum in Support, the record on file herein and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: 7-11-05

THE PUBLIC DEFENDER SERVICE CORP.
ATTORNEY FOR DEFENDANT

By: /s/ Kathleen Maher
KATHLEEN E. MAHER
PUBLIC DEFENDER

## MEMORANDUM IN SUPPORT OF MOTION

Under Rules 12 and 16 of the Federal Rules of Criminal Procedure, a defendant is entitled to certain discovery. Defendant **ERICA REYES BORJA** also requested discovery as outlined in Federal Rules of Criminal Procedure 12 and 16 by letter to Assistant United States Attorney Marivic David. This letter was sent and received by the United States Attorney's Office on June 22, 2005 and is attached as exhibit "A".

To date discovery has been provided by the Government. However, there are no expert reports particularly lab reports regarding drug analysis, including a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. Under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, this

2

summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Furthermore, Defendant submits that he should be provided any and all discovery under Brady v. Maryland, 373 U.S. 83 (1963). This should also include any plea agreements, promises of immunity or leniency offered to any government witnesses, as well as any and all other exculpatory information.

## LAW

The prosecutor has the duty to disclose, at least upon request, all evidence favorable to the Defendant which is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963).

Categories of evidence generally considered to be Brady material are:

1. The arrest and conviction record of each prospective government witness, United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988).

2. The existence of witnesses favorable to the defense, 326 F.2d 135 United States v. Wilkins (2d. Cir. 1964).

3. Witness statements favorable to the defendant, Jackson v. Wainwright, 390 F2d. 288 (5th Cir. 1968).

4. Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the prosecution, Thomas v. United States, 343 F2d. 49 (9th Cir. 1965).

5. Promises of immunity to government witnesses, Giglio v. United States, 405 U.S. 150 (1972).

6. Prior contrary statements of a prosecution witness, Giles v. Maryland, 386 U.S. 66 (1967).

The general rule is that Brady material must be provided in time for effective use at trial. United States v. Higgs, 713 F.2d 39 (3rd Cir. 1983). While the court can not compel the government to disclose information where it is not statutorily required to do so, nevertheless, such early

3

disclosure should be encouraged. United States v. Spagnuolo, 515 F.2d 818 (9th Cir. 1975).

Knowledge or possession of exculpatory evidence is imputed to the prosecutor as the acting agent of "the government." This "possession" includes documents or information which are in the control of government agencies outside the normal jurisdiction if the prosecutor has knowledge of and access to [it]." United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

Accordingly, Defendant respectfully requests that the Court enter an Order requiring the Government to disclose any and all discovery requested herein, and alternatively prohibit the Government from introducing or otherwise using any such evidence during trial if not so disclosed..

Dated at Hagåtña, Guam: 7-11-05

                                              **PUBLIC DEFENDER SERVICE CORP.**
                                              ATTORNEY FOR DEFENDANT

                                              By: _____
                                                   KATHLEEN E. MAHER
                                                   PUBLIC DEFENDER

4

## CERTIFICATE OF SERVICE

I, KATHLEEN E. MAHER, hereby certify that on or before July 11th 2005, I caused to be sent by personal service a copy of the Notice of Motion; Motion for Brady Discovery; Memorandum; Certificate of Service was served upon the following parties at their place of business:

MARIVIC DAVID, ESQ.
Assistant U. S. Attorney
United States Attorney's Office, Criminal Division
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910;

Dated at Hagåtña, Guam: 7-11-05

PUBLIC DEFENDER SERVICE CORP.
ATTORNEY FOR DEFENDANT

By: _____
KATHLEEN E. MAHER
PUBLIC DEFENDER

5

**DIRECTOR**
Kathleen E. Maher



**ADMINISTRATIVE DIRECTOR**
Bernadette S.N. Chargualaf

**STAFF ATTORNEYS**

Richard S. Dirkx
Jane L. Kennedy
Terrance A. Long
Loretta T. Gutierrez-Long
Pablo M. Aglubat
Raymond B. Ilagan
Stephen P. Hattori
Tricia R.S. Ada
Dominic S.Terlaje
Jocelyn M.Roden

# PUBLIC DEFENDER SERVICE CORPORATION
## (Kotperasion Setbision Defensot Pupbleku)

GOVERNMENT OF GUAM
200 Judicial Center Annex ◆ 110 West O'Brien Drive
Hagåtña, Guam 96910
Tel: (671) 475-3100 ◆ Fax: (671) 477-5844

June 22, 2005

Leonardo Rapadas
United States Attorney
Marivic P. David
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910

<u>ATTN: NOREEN</u>
RE:   United States of America vs. ERICA REYES BORJA
      Criminal Case No. 05-00049

Dear Marivic:

Thank you for the plea agreement and for the discovery of 52 pages. It has been very helpful and more complete than the incomplete discovery provided so far from the local Assistant Attorney General. I suspect Customs provides your office with records directly. The return of the search warrant and the photos were enlightening.

As I indicated to Noreen on the phone, I would propose to have my client enter a guilty plea to an information with the actual lab report amount of the specific drug determined rather than plea to the indictment with over 100 grams of methamphetamine hydrochloride. I honestly don't think my client even knows exactly what she had and once you have the proof and documentation of a specific drug and amount, I can feel confident of my client's guilt and advise her appropriately. To my knowledge she has no prior record. My client wishes to start cooperation regardless of how we work out the plea as soon as possible.

Perhaps you could ask that the lab report be expedited to facilitate a plea and immediate cooperation.

Kathleen E. Maher
Public Defender

KEM: sac

Letter re discovery
UNITED STATES OF AMERICA vs. ERICA REYES BORJA
District court case no. 05-00049
page 2

The Government is requested to provide the following any additional discovery as soon as possible:

1. All materials mandated by Statute, including but not limited to:

   a. The defendant's written or recorded statements;
   b. The defendant's prior criminal record;
   c. Photographs, books, papers, documents, objects, etc, which belong to the defendant;
   d. Photographs, books, papers, documents, objects, etc., which are obtained from the defendant;
   e. Photographs, books, papers, documents, objects, etc., which the government intends to use in its case-in-chief;
   f. All reports of examinations, tests, and experiments;
   g. Photographs used in any line-up, show-up, or photo spread; and information regarding any identification proceedings;
   h. Any evidence that the defendant was the subject of eavesdropping, wiretapping or any other interception of communications.

2. Any documents or objects which will be relied upon, or referred to, by any prospective witness, whether or not they will be introduced in evidence. United States v. Confyshire, 428 F. Supp. 1550 (D.C., Utah 1977).

3. The conclusion and findings of any business, accounting, tax or other expert witness the government intends to call, whether or not the expert has prepared a written report. United States v. Barrett,, 703 F.2d 1076, 1081 (9th Cir. 1983) ("Fairness requires that adequate notice be given to defense to check conclusions and findings of experts.")

4. The description of any prior conviction of the defendant, any "prior similar act" or any other evidence covered by 8 G.C.A. §§404(b) or 608 that the government will seek to introduce at trial and the theory of its admission. See United States v. Cook, 608 F. 2d 1175, 1186 (9th Cir. 1979) (en banc), cert. denied, 444 U.S. 1034 (1980) ("advance planning" for ruling on motion in limine helps both parties and the court. "Trial by Ambush" is counterproductive); United States v. Foskey, 636 F.2d 517, 526 Note 8 (D.C. Cir. 1980) (Government should give defense adequate notice of 404(b) evidence.)

5. All written or recorded statements of the defendant, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing. If the statements are recorded, please provide a transcript and audible copy of each recording. See United States v. Bailleux, 685 F2.d 1105, 1114 (9th Cir. 1983) ("Government should disclose any statements made by the defendant") (emphasis added).

6. All agents' rough notes of all statements referred to in item 5 above. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976).

7. The arrest and conviction record of each prospective government witness including the docket number and jurisdiction of all pending cases. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (Criminal records of witnesses must be disclosed); Perkins v. Lefeyre 691 F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet" of witness); United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980) (Criminal record of witness must be disclosed).

Letter re discovery
UNITED STATES OF AMERICA vs. ERICA REYES BORJA
District court case no. 05-00049
PAGE3

8. Any evidence that any prospective government witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.d 425, 428 (2d Cir.), cert denied, 474 U.S. 945 (1985) (Government is under affirmative duty to disclose fact that government witness is under investigation.

9. A copy of any federal or state probation or pre-sentence report of any prospective witness. See United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988)

10. The oral and written results of any polygraph test administered to any witness. Carter v. Rafferty, 826 F.2d 1299, 1306-09 (3d Cir. 1987); see United States v. Lynn, 856 F.2d 430, 432-33 (1st Cir. 1988) (reversible error not to allow cross-examination about "inconclusive" polygraph results).

11. Any express or implicit promise, understanding, offer of immunity or of past, present or future compensation, or any other kind of agreement or understanding between any prospective government witness or the defendant, and the government (federal, or local), including any implicit understanding relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986) (All benefits and promises, including tax benefits must be disclosed); United States v. Risken, 788 F.2d 1361, 1275 (8th Cir. 1986) (Implied contingent fees); United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (Government required to disclose pre-trial all promises and inducements); Wood v. United States, 862 f.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable as gross income earning if later forfeited to government).

12. Any discussion with a prospective witness about, or advise concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advise was not followed. Brown v. Dugger, 832 F.2d 1547, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (Government must disclose its "advise" to witness regarding possible prosecution for crimes).

13. The full scope of any witness' past cooperation with the government, including but not limited to the dates the witness cooperated, all monies, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness present and past tax liability. United States v. Shafer, 789 F.2d 682, 688-89 and n.7 (9th Cir. 1988).

14. Any evidence that any prospective government witness has ever made any false statement to the authorities whether or not, under oath or under penalty of perjury, or that any witness does not have a good reputation in the community for honesty. See United States v. Strifler (851 F.2d 1197, 1202 (9th Cir.) (Evidence that witness previously lied to authorities must be disclosed.)

15. Any evidence that any prospective witness has made a contradictory or inconsistent statement with regard to this case. McDowell v. Dixon, 858 F.2d 945, 949 (4th Cir. 1988), cert. denied, 109 S. Ct. 1172 (1989) (reversible error to withhold victim's prior inconsistent statement to police that attacker was white not black); United States v. Hibler, 463 F.2d 455, 460 (9th Cir. 1972) (Reversible error not to disclose statement of police officer casting doubt on the story of the witness); Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979) (Duty to disclose police officer's evidence refuting witness' statement that he identified defendant at lineup); Chavis v. North Carolina 637 F.2d 213, 223 (4th Cir. 1980) (Contradictory statements of witness must be

**Letter re discovery**
**UNITED STATES OF AMERICA vs. ERICA REYES BORJA**
**District court case no. 05-00049**
**PAGE4**

disclosed); Lindsey v. King,. 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness' original statement to police that he could not identify assailant).

16. Any evidence that the testimony of any prospective witness is inconsistent with any statement of any other person or prospective witness. Hudson v. Blackburn, 601 F.2d 785, 789 (5th Cir. 1979); Hibler, supra.

17. Any evidence that any prospective government witness is biased or prejudiced against defendant or has a motive to falsify or distort his testimony. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (Government must disclose probation file of witness showing tendency to lie); Id. at 1202 (motive to inform is discoverable).

18 Any evidence that any prospective government witness has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. 8 G.C.A. Section 608(b), United States v. Boffa, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

19 Any evidence that any prospective witness has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to authorities).

20 Any evidence that any prospective witness has consumed alcohol or drugs prior to or during the witnessing of the events that gave rise to his testimony. See United States v. Butler, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (narcotics use impairs memory, judgment and credibility).

21. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988) (Probation file of government witness must be disclosed as part of criminal record); United States v. Lindstrom, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (Reversible error not to allow defendant access to psychiatric records of government witness which are relevant to credibility; Chavis V. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980) (Government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); United States v. Butler, supra, 481 F.2d at 534-535 (narcotics use impairs memory, judgment and credibility).

22. Any evidence that someone other than defendant committed, or was ever suspected of committing, the crimes charged. Miller v. Angliker, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (Reversible error not to disclose evidence that person other than defendant committed murders); Bowen v. Maynerd, 799 F.2d 593, 613 (10th Cir. 1986), cert. denied, 107 S. Ct. 458 (Reversible error not to disclose existence of suspect who resembled defendant); James v. Jago, 575 F.2d 1164, 1168, (6th Cir. 1978) (Error not disclose statement of witness not mentioning defendant); Sellers v. Estelle, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (Failure to disclose police reports indicating guilt of another, reversible error).

23 The name of any informant who was a percipient witness to, or who participated in, the crime charged. United States v. Saa, 859 F2d 1067, 1074-76 (2d Cir. 1988) (government must disclose name of informant so defense can interview him to decide if he should be called).

**Letter re discovery**
**UNITED STATES OF AMERICA vs. ERICA REYES BORJA**
**District court case no. 05-00049**
**PAGE 5**

24. The name of any person, whether or not he will be a government witness, who made an arguably favorable statement concerning defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged, and the content of any favorable statement. United States v. Wilkins, 326 F.2d 135 (2d. Cir. 1964) (Reversible error to fail to disclose names of two witnesses who said the defendant was not the bank robber after viewing him at the police station); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (Contradictory statement of witness must be disclosed); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978) (Statement of eyewitness to crime which did not mention defendant must be disclosed); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975) (Duty to disclose police officer's testimony contradicting witness' identification of defendant). Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968) (Prosecution must disclose statement of witness casting doubt on defendant's identity).

25. Any physical evidence or any statement by any person, tending to exculpate defendant in whole or in part, or tending to mitigate punishment. McDowell v. Dixon, 858 F.2d 945 (4th Cir. 1988) (reversible error to fail to disclose witness statements asserting that attacker was white, not black); Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir, 1964) (reversible error not to disclose ballistics report showing that gun in evidence was not the assault weapon); United States v. Srulowitz, 785 F.2d 383 (2d Cir. 1986); United States v. Poole, 379 F.2d 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault must be disclosed); United States v. Wilkins, 326 F.2d 135 (2d Cir. 1969) (reversible error to fail to disclose names of two persons who said defendant was not the robber after viewing him at police station); Ashley v. Texas, 319 F.2d 80 (5th Cir. 1963) (reversible error to fail to disclose psychologist's report that defendant was incompetent to stand trial); United States v. Weintraub, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose to defense testimony of co-conspirator which lessened amount of drugs attributable to defendant).

26. All notes or any other writings or documents, used by the witness before the grand jury. United States v. Wallace, 848 F.2d 1464, 1470 (9th Cir. 1988).

27. Agents' or prosecutor's notes of interviews with prospective government witnesses. See Goldberg v. United States, 425 U.S. 94 (1976)

It is also requested that you make specific inquiry of each government agent connected to the case for each of the above items. United States v. Bryan, 868 F.2d 1032 (9th Cir.) ( prosecutor will deemed to have knowledge or any access to anything in possession, custody or control of any federal agency participating in the same investigation), cert. denied, 110 S.Ct. !67 (1989); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978) ( prosecutor responsible for promise made by agent to witness even if prosecutor did not know); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) ( tape in custody of FBI deemed to be in custody of United States attorney); United States v. Autem, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed to be in possession of the prosecution); United States v. Jackson, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge is attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution).

If you decline to disclose any of the above items, or if you have doubts as to the propriety of disclosure, please submit the questioned material to the court for its review. United States v. Lehman, 756 F.2d 725, 729 (9th Cir. 1985) ( prosecution must either disclose the material or submit it to the court); United States v. Cadet, 727 F.2d 1453, 1470 (9th Cir. 1984). The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting your duty to disclose favorable evidence. United States v. McClintock, 748 F.2d 1278, 1285 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985). Therefore, any

**Letter re discovery**
**UNITED STATES OF AMERICA vs. ERICA REYES BORJA**
**District court case no. 05-00049**
**PAGE6**

doubt about the need to disclose such evidence must be resolved "in favor of disclosure". <u>United States v. Ramirez</u>, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979).

Finally, please consider this request to be for continuing discovery of the above-mentioned items pursuant to Fed. R. Crim. P. 16(c)

All items should be disclosed one week from the arraignment date, the date set by Local Rule and well before trial. <u>United States v. Luc Lavasseur</u>, 826 F.2d 158 (1st Cir. 1987); <u>United States v Bailey</u>, 689 F. Supp. 1463, 1472 (N.D. Ill. 1987) (exculpatory evidence ordered produced "immediately").

Thank you in advance for your prompt attention to this matter.

Sincerely,

*[signature]*
KATHLEEN E. MAHER
Public Defender